UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GYASI ARMSTRONG,<br><br>Plaintiff,<br><br>v.<br><br>MEGAN J. BRENNAN,<br><br>Defendant. | Case No. 19-cv-04077-JSC<br><br>**SECTION 1915 SCREENING OF INITIAL COMPLAINT**<br><br>Re: Dkt. No. 1 |

Gyasi Armstrong brings this action against Megan J. Brennan, Postmaster General of the United States Postal Service, for alleged employment discrimination pursuant to Title VII of the Civil Rights Act of 1964. (Dkt. No. 1.) Having granted Ms. Armstrong's application to proceed in forma pauperis, (*see* Dkt. No. 4), the Court now screens the complaint pursuant to 28 U.S.C. § 1915 and concludes that the complaint is deficient for the reasons stated below.

**COMPLAINT ALLEGATIONS**

Ms. Armstrong's "Employment Discrimination Complaint" alleges that she was terminated as a United States Postal Service employee because of her race and national origin. (Dkt. No. 1 at ¶¶ 4-5.) The form complaint itself includes no factual allegations and instead references two attachments: (1) "Other acts Attachment"; and (2) "Basic Facts of Discrimination Attachment." (*See id.* at ¶¶ 4(d), 6.) However, neither attachment is included with the complaint or otherwise filed on the docket.

**LEGAL STANDARD**

The Court has a continuing duty to dismiss any case in which a party is proceeding in forma pauperis upon a determination that the case is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The standard of review under 28 U.S.C. §

1915(e)(2) mirrors that of Rule 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000)). Thus, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). To avoid dismissal, a complaint must contain more than "naked assertion[s]," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-57. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

When a plaintiff files a complaint without an attorney, the Court must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (internal quotation marks and citation omitted). Upon dismissal, self-represented plaintiffs proceeding in forma pauperis must be given leave to "to amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984) (internal quotation marks and citation omitted).

**DISCUSSION**

Because the complaint includes no factual allegations and instead references missing attachments purporting to contain those allegations, the Court cannot discern a plausible claim for relief. In the absence of any allegations, Ms. Armstrong's complaint fails.

**CONCLUSION**

For the reasons set forth above, Ms. Armstrong's complaint fails section 1915 review. Ms. Armstrong may file an amended complaint within 30 days; her amended complaint must identify her claims and include a plain statement of facts in support. The Court encourages Ms. Armstrong to seek free assistance from the Northern District's Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, CA 94102. Ms. Armstrong can make an appointment in person or by calling (415) 792-8982.

**IT IS SO ORDERED.**

Dated: August 2, 2019

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GYASI ARMSTRONG,<br><br>    Plaintiff,<br><br>    v.<br><br>MEGAN J. BRENNAN,<br><br>    Defendant. | Case No. 19-cv-04077-JSC<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 2, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gyasi Armstrong
5142 Duluth Court
Denverr, CO 80239

Dated: August 2, 2019

Susan Y. Soong
Clerk, United States District Court

By:_____
Ada Means, Deputy Clerk to the
Honorable JACQUELINE SCOTT CORLEY

4